IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NATIONAL INSTRUMENTS CORP.<br>Plaintiff, | § § § | CIVIL ACTION<br>2:01-CV-00011-TJW |
| vs. | § § § | |
| THE MATHWORKS, INC.<br>Defendant. | § § § | JURY TRIAL |

### NATIONAL INSTRUMENTS' MOTION FOR AWARD OF INTEREST AND COSTS

National Instruments respectfully requests that the final judgment entered by the Court in this matter include an award of prejudgment and post-judgment interest and costs.

#### I. PROCEDURAL BACKGROUND

On Wednesday, January 30, 2003, the jury in this case announced its verdict that all of National Instruments' asserted claims of the patents-in-suit are valid, and that all asserted claims of three of those patents (the '221, '336 and '568 patents) are infringed by MathWorks. The jury awarded $3.5 million in damages as a reasonably royalty for MathWorks' past infringement.[1] The jury's award did not include prejudgment or post-judgment interest.

#### II. ARGUMENT AND AUTHORITIES

Section 284 of the Patent Statute provides, in addition to an award of damages to the claimant where infringement has been found, that the court also "shall award ... interest and costs as fixed by the court." 35 U.S.C. § 284. Accordingly, National Instruments files the present motion requesting that the final judgment as entered by this Court include an award of

---

[1] MathWorks provided its sales figures only through November 2002; accordingly, the jury's damages verdict accounts for MathWorks' sales only through November 30, 2002.



NATIONAL INSTRUMENTS' MOTION FOR AWARD OF INTEREST AND COSTS – PAGE 1

prejudgment and post-judgment interest, as well as an award to National Instruments of its reasonable costs.

A. **National Instruments Is Entitled to Prejudgment Interest**

National Instruments requests prejudgment interest from January 25, 2001 through the date of entry of judgment on the jury's damages verdict. Pre-judgment interest should be awarded to ensure that National Instruments is placed in as good a position as it would have been had the infringement not occurred. *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983). An award of prejudgment interest compensates the patent owner for the use of its money between the date of injury and the date of judgment. *Bio-Rad Lab., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986), *cert. denied*, 482 U.S. 915 (1987). Pre-judgment interest should be awarded in this case because there is no justification for withholding such interest. *Devex*, 461 U.S. at 655.

Mindful of the discretion afforded this Court in selecting the appropriate rate for prejudgment interest, National Instruments has provided a Declaration of its damages expert, Robert Sherwin, who has calculated prejudgment interest using two different rates. [*See* Declaration attached as Exhibit 1 to this Motion] As one basis for his calculations, Mr. Sherwin used the Texas state statutory rate of 10%. [Sherwin Decl. at Exh. B] *See, e.g., Oiness v. Walgreen Co.*, 88 F.3d 1025, 1033 (Fed. Cir. 1996), *cert. denied*, 519 U.S. 1112 (1997) (approving use of Colorado state statutory rate, but vacating portion of prejudgment interest awarded on future damages). In making this calculation, Mr. Sherwin assumed that the royalties would be realized on October 15, 2001 for the first year (from January 25, 2001), and quarterly thereafter – on May 31, 2002, August 31, 2002 and November 30, 2002. [Sherwin Decl. at ¶ 5] Using the Texas statutory rate and this royalty realization schedule, Mr. Sherwin calculated the

total interest through February 10, 2003 on the jury's damages verdict as simple interest in the amount of $296,650.00, with additional interest accruing at the rate of $960 per day thereafter. [Sherwin Decl. at ¶¶ 5, 6, 8, 10 and Exh. B]

Mr. Sherwin also calculated prejudgment interest using the average 90-day commercial paper rate, as established by the Federal Reserve Board, for each of the relevant time periods that he assumed in the realization of the royalties. [Sherwin Decl. at ¶¶ 5, 7, 9 and Exh. A] Using this rate and the royalty realization schedule as noted *supra*, Mr. Sherwin calculated prejudgment interest, compounded according to the relevant time periods, as $49,340.00, with interest accruing at $110 per day thereafter. [Exh. A to Sherwin Decl.]

National Instruments respectfully requests the Court to award prejudgment interest at a rate that the Court finds to be appropriate, consistent with the analysis and range of numbers provided by Mr. Sherwin to assist the Court.

### B. National Instruments Is Also Entitled to Post-Judgment Interest

National Instruments also seeks post-judgment interest at a maximum daily interest allowed by law on all damages against MathWorks, to run from entry of judgment until paid in full.

### C. National Instruments, as the Prevailing Party, Is Entitled To Recover its Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." This provision is consistent with Section 284 of the Patent Statute, which provides that "the court shall award the claimant damages adequate to compensate for the infringement ... together with interest and costs as fixed by the court." 35 U.S.C. § 284.

National Instruments submits that there is no justification for departing from these provisions in the present case. Accordingly, as the prevailing party in this case, National Instruments requests that this Court's final judgment in this case include an award of costs to National Instruments. National Instruments further requests an opportunity, at the Court's direction, to submit to the Court documentation in the form of a Bill of Costs supporting National Instruments' request for such an award in a reasonable amount.

### III.  CONCLUSION: RELIEF REQUESTED

For the foregoing reasons, National Instruments respectfully requests that the final judgment entered by the Court in this case include the following:

1. An award to National Instruments of prejudgment interest, accrued from January 25, 2001 to the date of the final judgment;

2. An award to National Instruments of post-judgment interest at a maximum daily interest rate allowed by law on all damages assessed against MathWorks, to run from the entry of judgment until paid in full; and

3. An award to National Instruments of its reasonable costs of suit, in an amount to be determined.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: February 11, 2003 | McKOOL SMITH, P.C. |

*[signature: Sam Baxter]*

Sam Baxter
Attorney-in-Charge
Texas State Bar No. 01938000
505 E. Travis, Suite 105
Marshall, TX 75670
Telephone: (903) 927-2111
Telecopier: (903) 927-2622

Mike McKool, Jr.
Texas State Bar No. 13732100
Lewis T. LeClair
Texas State Bar No. 12072500
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Steven J. Pollinger
Texas State Bar No. 24011919
Kevin Burgess
Texas State Bar No. 24006927
300 West 6th Street, Suite 1700
Austin, TX 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

**ATTORNEYS FOR PLAINTIFF
NATIONAL INSTRUMENTS CORP.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on the following counsel of record, addressed as follows, on the 11th day of February, 2003:

| | |
|---|---|
| Kenneth P. Adamo, Esq.<br>Mark N. Reiter, Esq.<br>Hilda C. Galvan, Esq.<br>JONES, DAY, REAVIS & POGUE<br>2727 North Harwood<br>Dallas, Texas 77501 | <u>VIA FACSIMILE</u> |
| Carl R. Roth, Esq.<br>THE ROTH LAW FIRM<br>115 N. Wellington, Suite 200<br>Marshall, Texas 75670 | <u>VIA HAND DELIVERY</u> |

*[Signature]*

## CERTIFICATE OF CONFERENCE

On this the 11th day of February, 2003, counsel for Plaintiff had a telephone conference with counsel for Defendant. Counsel for Defendant opposes this motion.

_____
Sam Baxter

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NATIONAL INSTRUMENTS CORP. | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION |
| | § | 2:01-CV-00011-TJW |
| | § | |
| vs. | § | JURY TRIAL |
| | § | |
| THE MATHWORKS, INC. | § | |
| | § | |
| Defendant. | § | |

## DECLARATION OF ROBERT A. SHERWIN

I, Robert A. Sherwin, declare and state:

1. My name is Robert A. Sherwin. I am over eighteen years of age, of sound mind, and fully competent to make this Declaration.

2. I was asked by McKool Smith, P.C., counsel for National Instruments, to calculate prejudgment interest on the actual damages of $3.5 million assessed by the jury in the above-entitled cause against MathWorks on January 30, 2003.

3. I have computed the interest accruing on the judgment for the prejudgment period from January 25, 2001 through February 10, 2003.

4. Attached hereto as Exhibit "A" and Exhibit "B" are tables detailing my computations and the resulting amount owed on the judgment.

5. To determine the interest due in Exhibit "A", I assumed that royalties were realized on October 15, 2001, May 31, 2002, August 31, 2002, and November 30, 2002 for amounts earned in 2001, '02Q1, '02Q2, and '02Q3, respectively. The realized amounts were invested at compound rates (for rates, see below) through February 10, 2003.

6. To determine the interest due in Exhibit "B", simple interest is calculated from the time a royalty payment is realized through February 10, 2003.

7. The rates used in Exhibit "A" are the average monthly 90-day commercial paper rates during different time periods. For each royalty realization (October 15, 2001, May 31, 2002, August 31, 2002, and November 30, 2002), I used the average monthly

**DECLARATION OF ROBERT A. SHERWIN**                                                            Page 1

rates starting in October 2001 and ending in May 2002, June 2002 through August 2002, September 2002 through November 2002, and December 2002, respectively. I have compounded interest on a quarterly basis.

8. The rate used in Exhibit "B" is 10%, the statutory rate for the state of Texas.

9. As indicated in Exhibit "A," the total prejudgment interest from January 25, 2001 through February 10, 2003 based on compounded interest is $49,340, with additional interest of $110 per day accruing after that date.

10. As shown in Exhibit "B," the total prejudgment interest from January 25, 2001 through February 10, 2003 based on simple interest at 10% is $296,650, with additional interest of $960 per day accruing after that date.

11. I declare under penalty of perjury that the foregoing is true and correct and that I executed this Declaration in Los Angeles, California on February 10, 2003.

_____
Robert A. Sherwin

Exhibit A
## Prejudgment Interest Calculation Using Compound Interest
*Beginning January 25, 2001 Through February 10, 2003*
*($ in thousands)*

|  | 2001 | '02Q1 | '02Q2 | '02Q3 | '02 Oct/Nov | Total |
|---|---|---|---|---|---|---|
| Total Royalties | 1,792 | 438 | 432 | 513 | 324 | 3,500.00 |
| Pre-judgment Interest Rate | 1.871% | 1.737% | 1.593% | 1.310% | N/A |  |
| Total Interest Through 2/10/03* (Daily Payment After 2/10/03: $110) | 40.50 | 4.73 | 2.80 | 1.31 | 0.00 | 49.34 |
| **Total Royalties plus Interest** | **$1,833.00** | **$442.83** | **$435.04** | **$514.54** | **$323.94** | **$3,549.34** |

Notes:
1. Total Royalties are assumed realized on October 15, 2001, May 31, 2002, August 31, 2002, and November 30, 2002, respectively.
2. Pre-judgment Interest Rate is the annual average of monthly 90-day commercial paper rates. The average in 2001 is calculated using monthly rates starting in October 2001 and ending in May 2002. '02Q1 uses the average rate for June 2002 through August 2002. '02Q2 uses the average rate from September 2002 to November 2002. '02Q3 uses the rate for December 2002 (latest available data).
3. Total Interest through February 10, 2003 for 2001 is calculated by applying the average interest rate (see Note 2) through the end of May 2002. The gross amount at the end of May 2002 is then invested for one quarter at the average rate (see note 2) through the end of August 2002. The gross amount at the end of August 2002 is then invested for one quarter at the average rate (see note 2) through the end of November 2002. The gross amount at the end of November 2002 is then invested for one quarter at the December rate (latest available) through February 10, 2003. The same method, with later starting dates, is used for the quarterly royalty payments in 2002.
* 2001 Interest is calculated for the period October 15, 2001 to February 10, 2003. '02Q1 Interest is calculated for the period June 1, 2002 to February 10, 2003. '02Q2 Interest is calculated for the period September 1, 2002 to February 10, 2003. '02Q3 Interest is calculated for the period December 1, 2002 through February 10, 2003.

Source: Federal Reserve Board.

Confidential

ANALYSIS GROUP/*Economics*
An Analysis Group Company

Exhibit B
## Prejudment Interest Calculation Using Simple Interest at 10%
*Beginning January 25, 2001 Through February 10, 2003*
*($ in thousands)*

|  | 2001 | '02Q1 | '02Q2 | '02Q3 | '02 Oct/Nov | Total |
|---|---|---|---|---|---|---|
| Total Royalties | 1,792 | 438 | 432 | 513 | 324 | 3,500.00 |
| Pre-judgment Interest Rate | 10.0% | 10.0% | 10.0% | 10.0% | 10.0% |  |
| Total Simple Interest Through 2/10/03*<br>(Daily Payment After 2/10/03: $960) | 237.04 | 30.47 | 19.17 | 9.98 | 0.00 | 296.65 |
| Total Royalties plus Interest | $2,029.53 | $468.56 | $451.41 | $523.21 | $323.94 | $3,796.65 |

Notes:
1. Total Royalties are assumed realized on October 15, 2001, May 31, 2002, August 31, 2002, and November 30, 2002, respectively.
2. Pre-judgment Interest Rate is 10%, the statutory rate for Texas.
* 2001 Simple Interest is calculated for the period October 15, 2001 to February 10, 2003. '02Q1 Simple Interest is calculated for the period June 1, 2002 to February 10, 2003. '02Q2 Simple Interest is calculated for the period September 1, 2002 to February 10, 2003. '02Q3 Simple Interest is calculated for the period December 1, 2002 through February 10, 2003.

ANALYSIS GROUP/*Economics*
An Analysis Group Company

*Confidential*