IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NATIONAL INSTRUMENTS CORP. | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION |
| | § | 2:01-CV-011-TJW |
| vs. | § | |
| | § | |
| THE MATHWORKS, INC. | § | |
| | § | |
| Defendant. | § | |

FILED
U. S. DISTRICT COURT
Eastern District of Texas

FEB 28 2003

DAVID M. LAND, CLERK
By
Deputy

## MATHWORKS' RESPONSE TO NATIONAL INSTRUMENTS' MOTION FOR AWARD OF INTEREST AND COST

In the event this Court should deny the pending Rule 50 motions, The MathWorks, Inc. ("MathWorks") does not object to National Instruments Corporation's ("National") request for entry of a judgment awarding prejudgment and post-judgment interest. MathWorks, however, does oppose the specific amount of interest sought by National on the grounds that the record below does not support the Court's imposition of the "maximum" rates proferred by National. MathWorks further objects to National's request for a judgment awarding costs.

### A.   Prejudgment Interest Should Be Awarded At The 90-Day Commercial Paper Rate

Although MathWorks acknowledges that an award of prejudgment interest is the rule rather than the exception, *see, e.g., Paper Converting Machine Co. v. Magna-Graphics Corp.*, 745 F.2d 11, 23 (Fed. Cir. 1984), National's selection of 10% (state statutory rate) is not supported by the record in this case and would result in a windfall to National. It is noteworthy that in the only case cited by National as a basis for the 10% rate, *Oiness v. Walgreen Co.*, 88 F.3d 1025 (Fed. Cir. 1996), the district court chose the *lower* statutory rate (8%) over the patentee's request for prejudgment interest at 16.25%. In other words, the district court was justified in going with the lower rate because it was adequate to compensate for the infringement.

CLI-1059561v1

The Federal Circuit further observed that "[i]nterest compensates the patent owner for the use of its money between the date of injury and the date of judgment." *Id.* at 1033. National makes no effort to tie its request for a 10% rate to its or MathWorks' use of the money between the date of the injury and date of judgment.

It is well settled that "prejudgment interest is typically included as part of the patentee's recovery to ensure compliance with the statutory mandate of 35 U.S.C. § 284 that damages be '*adequate to compensate for the infringement.*'" *Gyromat Corp. v. Champion Spark Plug Co.*, 735 F.2d 549, 556 (Fed. Cir. 1984) (citing *Stickle v. Heublein, Inc.*, 716 F.2d 1550 (Fed. Cir. 1983)) (emphasis added). As the Supreme Court noted, the overriding purpose in awarding prejudgment interest is to provide the patent owner full and complete compensation:

> "In the typical case an award of prejudgment interest is necessary to ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement. An award of interest from the time that the royalty payments would have been received merely serves to make the patent owner whole, since his damages consist not only of the value of the royalty payments but also of the foregone use of the money between the time of infringement and the date of the judgment."

*General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655-56 (1983) (footnote omitted).

The *rate* at which prejudgment interest is to be awarded is a matter left to the Court's discretion with that guiding principle in mind, and, in particular, to "ensure that the patent owner is placed in as good a position as he would have been had the infringer entered into a reasonable royalty agreement." *Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986) (citing *Devex*, 461 U.S. at 655). Here, National points to no evidence in the record which would support a flat 10% rate. Nor is there any attempt to show that such a high rate is necessary in order to adequately compensate National consistent with the Supreme Court's holding in *Devex*. Indeed, in his initial report, Robert Sherwin (National's damage expert)

2

opined that 90-day commercial paper rates were the appropriate measure for prejudgment interest in this case:

> The interest rate I have chosen to apply in a given year is the annual average of monthly 90 day commercial paper rates during the twelve months from October of that year to September of the following year. I have used this as an estimate of the rate of borrowing for MathWorks, reasoning that the use of NI's asset (its intellectual property) should be compensated at the same rate at which MathWorks would have borrowed money in lending markets.

(*See* Exhibit A, Expert Report of Robert A. Sherwin (dated June 6, 2002) at 20-21). National offers no reason why the Court should depart from that reasoning and ignore the 90-day commercial paper rates set out in Mr. Sherwin's initial report in favor of the higher 10% rate.

MathWorks has no objection to the use of the 90-day commercial paper rate as a basis for the assessment of prejudgment interest in this action. The 90-day commercial paper rate represents what the appropriate "borrowing" rate -- to use Mr. Sherwin's analysis -- would have been; the statutory rate fails to provide that connection and is not tied in any manner to the current market rates. And, more importantly, the 90-day commercial paper rate is sufficient to compensate National in accordance with 35 U.S.C. § 284 so that National is put in "as good a position" had the parties entered into a reasonable royalty agreement. *Devex*, 461 U.S. at 655.

In short, the Court, in exercising its discretion, should use the 90-day commercial paper rate advocated by Mr. Sherwin at the outset of this case and as set out in his Declaration (at paragraph 7). Using the commercial paper rates, MathWorks agrees that prejudgment interest would be $49,340 through February 10, 2003, with an additional interest of $110 per day thereafter.

### B. Post-Judgment Interest Should Be Awarded Pursuant To Section 1961

It is not clear precisely what National is seeking by its request for post-judgment "interest at a maximum daily interest allowed by law." (National's Motion at 3). MathWorks proposes that the post-judgment interest be applied in accordance with 28 U.S.C. § 1961, which governs post-judgment interest on money judgments in federal civil actions. The post-judgment interest on any money judgment shall be calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield. . . ." 28 U.S.C. § 1961. MathWorks objects to National's request to the extent it seeks post-judgment interest at a rate other than pursuant to 28 U.S.C. § 1961.

### C. Costs Should Not Be Awarded

There is no dispute that costs are normally awarded to the prevailing party under Fed. R. Civ. P. 54(d)(1). In this case, however, National did not succeed on all of its infringement claims. More specifically, the jury returned a verdict of non-infringement with respect to the '587 patent.[1] In such instances, the Court can, within its discretion, decline to award costs. *See, e.g., Smithkline Diagnostics, Inc. v. Helena Labs. Corp.*, 12 U.S.P.Q.2d 1375, 1381 (E.D. Tex. 1989) ("[Plaintiff] prevailed on infringement as to hemoglobin-based products, and [Defendant] prevailed on non-infringement as to lead-acetate based products. The Court, in its discretion, finds neither to be the 'prevailing party' as to justify an award of costs. Each party shall bear its own costs."), *aff'd*, 926 F.2d 1161, 1168-69 (Fed. Cir. 1991) ("Considering the case as a whole, and the district court's stated reasons, we see no abuse of discretion in that court's declining to make an award of costs in favor of [plaintiff] under 35 U.S.C. § 284").

---

[1] As MathWorks explains in its contemporaneously filed motion under Rule 50(b), the jury's finding of non-infringement made under the '587 patent dictates a finding of non-infringement for the other three patents and further supports MathWorks' opposition to the payment of National's costs.

4

MathWorks does recognize that the jury did return a verdict (albeit inconsistent) of infringement on three of the four asserted patents. Should the Court, in its discretion, decide to award costs to National, MathWorks submits that the Court should take into account the jury's inconsistent verdict on infringement and only allow a portion of those costs at the time National submits its Bill of Costs.[2]

## CONCLUSION

MathWorks does not object to the inclusion of prejudgment interest provided the commercial paper rate is utilized. MathWorks also proposes that post-judgment interest be awarded pursuant to 28 U.S.C. § 1961. As to costs, MathWorks submits that the Court should exercise its discretion in denying costs given the jury decision on non-infringement under the '587 patent.

---

[2] MathWorks assumes that National is not seeking and will not seek attorneys' fees as part of its costs in view of the stipulation entered into between the parties wherein they agreed not to seek attorneys' fees.

5

DATED: February 28, 2003

*[signature: Hilda Galvan]*

Kenneth R. Adamo, Esq.
kradamo@jonesday.com
State Bar No. 00846960
Mark N. Reiter, Esq.
mnreiter@jonesday.com
State Bar No. 16759900
Hilda C. Galvan, Esq.
hcgalvan@jonesday.com
State Bar No. 00787512
JONES, DAY, REAVIS & POGUE
2727 North Harwood Street
Dallas, Texas 77501
Telephone: 214/220-3939
Facsimile: 214/969-5100

Carl R. Roth, Esq.
cr@rothfirm.com
State Bar No. 17312000
THE ROTH LAW FIRM
115 N. Wellington, Suite 200
Marshall, Texas 75670
Telephone: 903/935-1665
Facsimile: 903/935-1797

**ATTORNEYS FOR DEFENDANT
THE MATHWORKS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February, 2003, a true and correct copy of the above and foregoing document has been forwarded via overnight Federal Express to the following counsel:

Steven J. Pollinger
McKOOL SMITH, P.C.
300 W. 6th Street, Suite 1700
Austin, Texas 78701

*[signature: Michael Smith]*

Exhibits Not Scanned