IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NATIONAL INSTRUMENTS CORP. | § | |
| Plaintiff, | § | CIVIL ACTION |
| | § | 2:01-CV-00011-TJW |
| vs. | § | |
| | § | |
| THE MATHWORKS, INC. | § | JURY TRIAL |
| Defendant. | § | |

## NATIONAL INSTRUMENTS' REPLY BRIEF ON ITS MOTION FOR AWARD OF INTEREST AND COSTS

In its response to National Instruments' Motion for Award of Interest and Costs, MathWorks admits that awards of prejudgment and post-judgment interest are appropriate and necessary in this case, but quibbles over the amount of such awards. In particular, MathWorks insists that the Court must award prejudgment interest only at the 90-day commercial paper rate. MathWorks also concedes that the jury returned a verdict favorable to National Instruments, but characterizes that victory as only partial and asserts that National Instruments is not the prevailing party and should be denied its costs. National Instruments submits this Reply to show the Court that it has discretion, and ought, to award prejudgment interest at the 10% Texas statutory rate, and that National Instruments is the prevailing party entitled to recover its costs under Rule 54(d)(1).

A. **Awarding National Instruments Prejudgment Interest at the Texas Rate of 10% is Well Within this Court's Discretion, and is Appropriate to Adequately Compensate National Instruments**

This Court has "substantial discretion" to determine what rate of prejudgment interest is necessary to adequately compensate National Instruments for MathWorks' infringement of National Instruments' patents. *Gyromat Corp. v. Champion Spark Plug Co.*, 735 F.2d 549, 556 (Fed. Cir. 1984); *see also Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969

(Fed. Cir. 1986), *cert. denied*, 482 U.S. 915 (1987) ("The rate of prejudgment interest and whether it should be compounded or uncompounded are matters left largely to the discretion of the district court."). As MathWorks concedes, prejudgment interest is awarded to "ensure that the patent owner is placed in as good a position as he would have been had the infringer entered into a reasonable royalty agreement." *Bio-Rad Labs.*, 807 F.2d at 969. Because the jury awarded National Instruments less than the amount that would have constituted a reasonable royalty rate, this Court would be well within its discretion to decide that a higher rate of prejudgment interest on the jury's award is necessary to place National Instruments in as good a position as it would have been had MathWorks chosen to license, rather than infringe, National Instruments' patents.

Contrary to MathWorks' assertion that no evidence supports application of a 10% prejudgment interest rate, the State of Texas has made clear that it considers 10% a reasonable return that fairly represents the value of the foregone use of a party's money between the time of injury and the date of the judgment. Compare *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 656 (1983) (prejudgment interest compensates patent owner for the foregone use of money between infringement and judgment), with *Johnson & Higgins, Inc. v. Kenneco Energy*, 962 S.W.2d 507, 527 (Tex. 1998) (prejudgment interest compensates plaintiff for lost use of money due between claim accrual and judgment); *see also* TEX. FIN. CODE §§ 304.003(2), 304.103 (providing for 10% post-judgment interest, and for a prejudgment rate equal to the post-judgment rate[1]). Other courts have looked to the state statutory rate in this context. *See, e.g., Oiness v. Walgreen Co.*, 88 F.3d 1025, 1033 (Fed. Cir. 1996), *cert. denied*, 519 U.S. 1112 (1997) (applying Colorado statutory rate). In fact, in *Gyromat* – ironically, one of the principal cases MathWorks

---

[1] The Texas Supreme Court has adopted this statutory approach to prejudgment interest awards in causes of action (as that here) not explicitly listed in the Texas Finance Code. *See Johnson & Higgins*, 962 S.W.2d at 531.

relies upon to argue that this Court should not apply the Texas state rate – the Federal Circuit affirmed the district court's application of "the statutory interest rate in Connecticut" in order to adequately compensate the plaintiff for the defendant's infringement. *Gyromat*, 735 F.2d at 551. Further, in *Stickle v. Heublein, Inc.*, 716 F.2d 1550, 1563 (Fed. Cir. 1983), cited by *Gyromat* and MathWorks, the Federal Circuit affirmed the lower court's application of prejudgment interest rates ranging from 10% to 15%. These cases demonstrate that, contrary to MathWorks' allegation, awarding prejudgment interest at the Texas statutory rate would not "result in a windfall" to National Instruments.

In short, awarding interest at the Texas statutory rate of 10% is well within this Court's discretion, and is respectfully sought by National Instruments as necessary to adequately compensate National Instruments for MathWorks' infringement.

### B. National Instruments is Entitled to Post-Judgment Interest

MathWorks concedes that National Instruments is entitled to post-judgment interest, and asserts that such interest should be calculated under the formulation provided in 28 U.S.C. § 1961. National Instruments agrees that post-judgment interest is properly awarded pursuant to that statute, and has never sought to argue otherwise.

### C. National Instruments is the Prevailing Party Under Controlling Federal Circuit Precedent, and As Such is Entitled to Recover its Costs

National Instruments is the prevailing party in this case, and as such, is entitled to recover its costs under Federal Rule of Civil Procedure 54(d)(1). The jury found that all of National Instruments' asserted claims of the four patents-in-suit are valid, and that MathWorks infringed all asserted claims of three of those patents. The jury then awarded National Instruments $3.5 million in damages.

MathWorks, however, now insists that National Instruments' alleged partial victory should bar its recovery of costs. In support of this theory, MathWorks cites *Smithkline Diagnostics, Inc. v. Helena Labs. Corp.*, 12 U.S.P.Q.2d 1375, 1381 (E.D. Tex. 1989), asserting that National Instruments is not the prevailing party because it "did not succeed on all of its infringement claims." The court's suggestion in *Smithkline Diagnostics* that neither party prevails when each secures one legal victory is easily distinguishable from the facts at hand. This is not a case where, on balance, both sides were equally successful. The jury found that MathWorks infringed every asserted claim of three of the four patents-in-suit.

In any event, the district court's holding in *Smithkline Diagnostics* is called into question by more recent, controlling authority. In 1996, the Federal Circuit established "a single definition of prevailing party in the context of patent litigation." *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996). Quoting Supreme Court precedent, the court held that a party prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-13 (1992)). A "judgment for damages in any amount" satisfies this standard. *Id.*; *see E.I. DuPont De Nemours & Co. v. Monsanto Co.*, 42 U.S.P.Q.2d 1152 (D. Del. 1997); *see also Slane v. Mariah Boats, Inc.*, 164 F.3d 1065, 1068 (7th Cir.), *cert. denied*, 527 U.S. 1005 (1999) ("when one party gets substantial relief it 'prevails' even if it doesn't win on every claim"); 10 MOORE'S FEDERAL PRACTICE § 54.101[3] (3d ed. 1997) ("the prevailing party is the party in whose favor judgment was entered, even if that judgment does not fully vindicate the litigant's position in the case").

In this case, National Instruments is undeniably the prevailing party because entry of judgment adopting the jury's verdict in favor of National Instruments would materially alter the

legal relationship between the parties.[2] As National Instruments has argued in its co-pending motion for injunctive relief, the jury's finding of infringement of all asserted claims of three of the patents entitles National Instruments to a complete injunction under the asserted claims of those three patents covering the accused products. As such, although National Instruments has not (yet) prevailed on all asserted patent claims, it did not need to prevail on all such claims to be victorious vis-à-vis MathWorks' infringing actions.

The bottom line is that when the Court enters its final judgment (whether adopting the jury's verdict in toto, or modifying it as requested by National Instruments), National Instruments will be the prevailing party. It should therefore be awarded its costs "as of course" under Rule 54(d)(1).

Respectfully submitted,

DATED: March 7th, 2003

McKOOL SMITH, P.C.

_____
Sam Baxter
Attorney-in-Charge
Texas State Bar No. 01938000
505 E. Travis, Suite 105
Marshall, TX  75670
Telephone: (903) 927-2111
Telecopier: (903) 927-2622

---

[2] National Instruments has moved this Court for entry of Judgment as a Matter of Law in National Instruments' favor on this issue of infringement of the asserted claims of the '587 patent. But even if that motion were to be denied and the jury's verdict left intact, National Instruments remains the prevailing party.

Mike McKool, Jr.
Texas State Bar No. 13732100
Lewis T. LeClair
Texas State Bar No. 12072500
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Steven J. Pollinger
Texas State Bar No. 24011919
Kevin Burgess
Texas State Bar No. 24006927
300 West 6th Street, Suite 1700
Austin, TX 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

**ATTORNEYS FOR PLAINTIFF
NATIONAL INSTRUMENTS CORP.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on the following counsel of record, addressed as follows, on the 7th day of March, 2003:

| | |
|---|---|
| Kenneth P. Adamo, Esq.<br>Mark N. Reiter, Esq.<br>Hilda C. Galvan, Esq.<br>JONES, DAY, REAVIS & POGUE<br>2727 North Harwood<br>Dallas, Texas 77501 | VIA FEDERAL EXPRESS<br>AND FACSIMILE |
| Carl R. Roth, Esq.<br>THE ROTH LAW FIRM<br>115 N. Wellington, Suite 200<br>Marshall, Texas 75670 | VIA HAND DELIVERY |

_____