IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NATIONAL INSTRUMENTS CORP. | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION |
| | § | 2:01-CV-011-TJW |
| vs. | § | |
| | § | |
| THE MATHWORKS, INC. | § | |
| | § | |
| Defendant. | § | |

## MATHWORKS' SURREPLY TO NATIONAL INSTRUMENTS' MOTION FOR AWARD OF INTEREST AND COST

There is no dispute that there should be an award of prejudgment interest in this case, and that it is within the sound discretion of the Court to determine the appropriate rate of prejudgment interest. However, National's insistence that the Court should award interest at the Texas statutory rate of 10% is unsupported by the facts of record in this case and contradicts its own damages expert. MathWorks agrees with National's damages expert, Mr. Sherwin, that the 90-day commercial paper rates are appropriate. Further, because the jury held the '587 patent not infringed, the Court should exercise its discretion and find that National is not a "prevailing party" and decline to award National costs.

A.  **The Record Supports The Award Of Prejudgment Interest Only At The 90-Day Commercial Paper Rates**

The prejudgment interest rate to be applied during the period between infringement and entry of judgement is designed to compensate National for the foregone use of its money, and the rate applied is a matter of judicial discretion. *See General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655-56 (1983). A reasoned analysis that considers the current financial climate and the actual rate of interest necessary to compensate National, favors awarding prejudgment interest at the 90-day commercial paper rates. *See Oiness v. Walgreen Co.*, 88 F.3d 1025, 1033 (Fed. Cir. 1996); *Alpex Computer Corp. v. Nintendo Co. Ltd.*, 34 U.S.P.Q.2d 1167, 1209 (S.D.N.Y. 1994).



In contrast, applying the 10% rate would improperly result in a windfall for National totaling over a quarter of a million dollars.[1]

### 1. MathWorks And National's Damages Expert Agree That The 90-Day Commercial Paper Rates Are An Appropriate Measure Of Prejudgment Interest

Less than a year ago National's damages expert, Mr. Sherwin, submitted his expert report wherein he estimated the royalties that National would have earned, had MathWorks entered into a hypothetical reasonably royalty agreement. Counsel for National specifically asked Mr. Sherwin "to estimate the prejudgment interest that would have been earned on such royalties."[2] "[R]easoning that the use of NI's assets (its intellectual property) should be compensated at the same rate at which MathWorks would have borrowed money in lending markets," Mr. Sherwin gave his expert opinion that the *90-day commercial paper rates were the appropriate measure of prejudgment interest.*[3]

MathWorks agrees that the 90-day commercial paper rates accurately measure the additional compensation due to National for the use of its money. These rates are regularly updated to consider the current financial climate and provide an accurate assessment of the appropriate rate of interest. *See, e.g., Alpex*, 34 U.S.P.Q.2d at 1209 (holding that prejudgment interest should be calculated at the defendant's borrowing rate and awarding such interest at the commercial paper rate).

National has *no response* to this argument. National's Reply Brief never disputes the analysis in Mr. Sherwin's expert report and never explains any changes in circumstance that would invalidate Mr. Sherwin's opinion that the 90-day commercial paper rates are an

---

[1] Using the figures from Dr. Sherwin's Declaration, the difference between the 90-day commercial paper rates and the 10% Texas statutory rate results in a difference of $247,310 as of February 10, 2003. The difference in the two rates further results in a daily difference of $850 for each additional day's interest thereafter, or over $27,000 difference for the additional 32 days of interest acrewed as of the filing of this Surreply.

[2] *See* Exhibit A to MathWorks Response, Expert Report of Robert A. Sherwin (June 6, 2002) at 4.

[3] *See Id.* at 20-21.

appropriate measure of prejudgment interest. Instead, National shoves its head in the sand and hopes that by ignoring Mr. Sherwin's opinion, the Court will forget that National was actually the first party to advocate the 90-day commercial paper rates are an appropriate measure of prejudgment interest. MathWorks hasn't forgotten, and neither should the Court.

### 2. National Cannot Justify The 10% Texas Statutory Rate

Rather than address Mr. Sherwin's opinion, National attacks the assertion that courts shouldn't use "statutory" interest rates or rates as high as 10%. MathWorks does not object to the Texas statutory rate because it is a "statutory" rate *per se*; instead, MathWorks objects because the 10% Texas statutory rate is five times higher than the relevant 90-day commercial paper rates (previously accepted by National and Mr. Sherwin) and bears no relationship to the rate of prejudgment interest necessary to compensate National for the forgone use of its money. *See Oiness*, 88 F.3d at 1033; *Imazio Nursery Inc. v. Dania Greenhouse*, 29 U.S.P.Q.2d 1211, 1217 (W.D. Wisc. 1993) (inappropriate to "blindly apply the State's statutory rate" for prejudgment interest). Similarly, National's citations to the 10-15% prejudgment interest rates approved in *Stickle v. Heublein, Inc.*, 716 F.2d 1550, 1563 (Fed. Cir. 1983), neglects to mention that those interest rates spanned the late 1970's and early 1980's, during which double digit interest rates prevailed. Simplistic citation to cases that used statutory rates or rates as high as 10%, without an explanation or understanding of the underlying facts, provide no reason for *this* Court to award prejudgment interest at the rate of 10% on the facts of *this case*.

National's insistence on the 10% Texas statutory rate is geared towards punishing MathWorks, rather than determining an appropriate rate. National admits as much in its Reply Brief when it reasons that, "[b]ecause the jury awarded National Instruments *less than ... a reasonable royalty rate*, ... a higher rate of prejudgment interest ... is necessary."[4] Indeed, it

---

[4] National Instruments' Reply Brief on Its Motion for Award of Interest and Costs at 2.

appears that National does not think the jury's award was adequate, so it is asking the Court to further punish MathWorks by imposing an unreasonably high rate of prejudgment interest. Awards of prejudgment interest, however, should not be used punitively. *See Oiness*, 88 F.3d at 1033 ("Prejudgment interest has no punitive, but only compensatory, purposes."). National's insistence on 10% prejudgment interest should be rejected.

### B. The Statutory Post-Judgment Interest Rate Undermines National's Claim for a 10% Prejudgment Interest Rate

In its Reply Brief, National agrees that post-judgment interest in this case is properly awarded pursuant to 28 U.S.C. § 1961. The weekly average 1-year constant maturity Treasury yield (the rate specified in § 1961) is only 1.22% for the week of March 7, 2003.[5] Such a low "statutory" post-judgment interest rate belies National's insistence that it requires 10% prejudgment interest to be adequately compensated. The currently proscribed 1.22% statutory post-judgment interest rate supports this Court exercising its discretion to only award prejudgment interest at the lower 90-day commercial paper rates, not the unreasonably high 10% Texas statutory rate.

### C. The Record In This Case Does Not Support An Award of Costs

National is not entitled to an award of costs because the jury delivered split verdicts on infringement. Based on these split verdicts, it is appropriate to find neither party to be a "prevailing party" and to deny an award of costs. *See, e.g., Smithkline Diagnostics, Inc. v. Helena Labs. Corp.*, 12 U.S.P.Q.2d 1375, 1381 (E.D. Tex. 1989), *aff'd*, 926 F.2d 1161 (Fed. Cir. 1991).

National vastly overstates the Federal Circuit's holding in *Manildra Milling Corp. v. Ogilvie Mills, Inc.*[6] when it states that the Federal Circuit "established a single definition of a prevailing party in the context of patent litigation" or that the Federal Circuit "held that a party

---

[5] *See* "Post Judgment Interest Rate 2003," from http://www.utd.uscourts.gov/documents/int2003.html attached as Exhibit A to this Surreply.

[6] 76 F.3d 1178 (Fed. Cir. 1996).

prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties."[7] These comments are *dicta* describing the Court's purpose of promoting uniformity in patent cases or quoting the Supreme Court's definition of a "prevailing party" in the context of civil rights plaintiffs. The Federal Circuit's relevant holding in *Manildra* is limited to holding that "a party who has a competitor's patent declared invalid meets the definition of 'prevailing party.'"[8]

Contrary to National's suggestion, nothing in *Manildra* questions *Smithklien*'s analysis that split verdicts on infringement, may warrant neither party being found to be a "prevailing party." None of the other cases cited by National specifically address the question of split verdicts on infringement and none of them provide "more recent, controlling authority." Should the Court decide to award costs to National, MathWorks submits that the Court should take into account the jury's split verdicts on infringement and only allow a portion of those costs at the time National submits its Bill of Costs.

## **CONCLUSION**

MathWorks does not object to the inclusion of prejudgment interest provided the commercial paper rates are utilized. MathWorks also proposes that post-judgment interest be awarded pursuant to 28 U.S.C. § 1961. As to costs, MathWorks submits that the Court should exercise its discretion in denying costs given the jury decision on non-infringement under the '587 patent.

---

[7] National Instruments' Reply Brief on Its Motion for Award of Interest and Costs at 4.

[8] 76 F.3d at 1183 ("We ... now hold that as a matter of law, a party who has a competitor's patent declared invalid meets the definition of 'prevailing party.'").

DATED: March 14, 2003

*Ken Adamo* *KR by permission*
Kenneth R. Adamo, Esq.
kradamo@jonesday.com
State Bar No. 00846960
Mark N. Reiter, Esq.
mnreiter@jonesday.com
State Bar No. 16759900
Hilda C. Galvan, Esq.
hcgalvan@jonesday.com
State Bar No. 00787512
JONES, DAY, REAVIS & POGUE
2727 North Harwood Street
Dallas, Texas 77501
Telephone: 214/220-3939
Facsimile: 214/969-5100

Carl R. Roth, Esq.
cr@rothform.com
State Bar No. 17312000
THE ROTH LAW FIRM
115 N. Wellington, Suite 200
Marshall, Texas 75670
Telephone: 903/935-1665
Facsimile: 903/935-1797

**ATTORNEYS FOR DEFENDANT
THE MATHWORKS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of March, 2003, a true and correct copy of the above and foregoing document has been forwarded via overnight Federal Express to the following counsel:

Steven J. Pollinger
McKOOL SMITH, P.C.
300 W. 6th Street, Suite 1700
Austin, Texas 78701

_____

# EXHIBIT A

# POST-JUDGMENT INTEREST RATE

## 2003

### Weekly average 1-year constant maturity Treasury yield

| Week Ending | Rate |
|---|---|
| 01/03/03 | 1.38% |
| 01/10/03 | 1.41% |
| 01/17/03 | 1.38% |
| 01/24/03 | 1.32% |
| 01/31/03 | 1.32% |
| 02/07/03 | 1.32% |
| 02/14/03 | 1.30% |
| 02/21/03 | 1.30% |
| 02/28/03 | 1.27% |
| 03/07/03 | 1.22% |

ADR | Attorney | Cases | Calendars | Forms | Court Info | Jury | Employment | Rules | PACER | Judges | FAQ | Links



*United States District Court, District of Utah. 350 South Main Street, Room 150, Salt Lake City, UT 84101. (801) 524-6100. E-mail: Ut_support@utd.uscourts.gov*